**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JESSY TORREJON TREVEJO,  *Plaintiffs*, v. WALMART, *et al.*,  *Defendants*, | Civil Action No. 16-cv-01926  **OPINION** |

**John Michael Vazquez, U.S.D.J.**

  This negligence action stems from Plaintiff's fall at one of Defendants' stores. Currently pending before the Court is Defendants' motion for summary judgment, D.E. 45. The motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). The Court considered the parties' submissions[1] and, for the reasons stated below, Defendants' motion for summary judgment is denied.

**I. BACKGROUND[2]**

  Defendants assert that "Plaintiff filed a Complaint against Walmart in the Bergen County Superior Court on June 6, 2016." SOMF ¶ 1. However, the Notice of Removal, D.E. 1, and the Complaint annexed as Exhibit A ("Compl.") thereto indicate the matter was initially filed in Hudson County Superior Court on February 22, 2016. *See* D.E. 1 at 2. Nonetheless, this

---

[1] Defendants' brief in support of their motion is referred to as "Br.," D.E. 45; Plaintiff's opposition is referred to as "Opp.," D.E. 46; Defendants' reply is referred to as "Reply," D.E. 330.

[2] Unless otherwise stated, the following facts are taken from Defendants' Statement of Material Facts ("SOMF"), D.E. 40, and Plaintiff's responsive Statement of Material Facts ("RSOMF"), D.E. 42, with disputes noted where material.

distinction is immaterial to the present motion. Defendants removed the matter to this Court on April 6, 2016, *id*. at 1, and filed their Answer on April 11, 2016. D.E. 3.

On July 2, 2014, at approximately 7:15 a.m., Plaintiff was in Defendants' Secaucus, New Jersey store. SOMF ¶ 3; RSOMF ¶ 5; *see also* D.E. 50-2, Ex. C at 8: 21-23. Plaintiff testified that while "coming from shopping," she slipped on a puddle of liquid on the floor. D.E. 50-2, Ex. C at 9:6-9; SOMF ¶ 3; RSOMF ¶¶ 1-2. Although Plaintiff was able to see where she was walking, SOMF ¶ 13, D.E. 50-2, Ex. C at 46:9-10, she did not see the liquid on the floor before she fell. SOMF ¶ 9, D.E. 41, Ex. C at 41:9-10. Plaintiff described the liquid as opaque. SOMF ¶¶ 6-7; RSOMF ¶ 6. Plaintiff testified that the puddle was about three feet in diameter and that it was cloud shaped. RSOMF ¶ 8; D.E. 50-2, Ex. C at 37:11-18. The liquid was approximately three feet from refrigerators in Defendants' store. D.E. 42, Ex. A at 38:1-21; *see also* RSOMF ¶¶ 6, 9. One of Defendant's employees testified that juices are generally displayed in this area of the store. RSOMF ¶ 13, D.E. 42, Ex. C at 26:9-13. Although Plaintiff testified that she did not know where the liquid came from, D.E. 52, Ex. C at 39:13, she believed that the liquid had been present for "a while" because the "edges" of the puddle "were drying." D.E. 52, Ex. C at 39:15-16; RSOMF ¶¶ 3, 11. Plaintiff further testified that the floor was "shiny" where wet and that she "could see stained areas where it was already drying out" that were "darker than the water around" the stains. D.E. 52, Ex. C at 39:20-42:5; RSOMF ¶ 6. The liquid had no odor. SOMF ¶ 10; D.E. 50-2, Ex. C at 38:2-3. Plaintiff could not identify specifically what the liquid was, SOMF ¶ 11, D.E. 50-2, Ex. C at 37:23-24, and did not observe any track marks through the puddle. SOMF ¶ 8, D.E. 50-2, Ex. C at 39:17-19.

Defendants' employee Griseld De Leon testified that she was the first employee to reach Plaintiff after she fell. D.E. 42, Ex. B at 28: 2-6. De Leon further testified that she heard Plaintiff

2

call out when she fell because De Leon was "close by." *Id*. at 27:24-28:1.  However, De Leon testified that she did not see any water in the vicinity, *id*. at 28:7-9, and that the floor was totally dry around Plaintiff. *Id*. at 28:12-15.

Plaintiff's Complaint asserts two counts, one for negligence and another, apparently, for joint and several liability. *See* Compl. at 1-3.  Plaintiff alleges that her fall was caused by, among other things, Defendants' negligence. *Id*. ¶ 1-3.  As a result, Plaintiff alleges that she sustained injuries, is disabled, experiences mental and physical pain, will be "compelled to expend large . . . sums of money for hospitalization, medical treatment and related medical care," and will be prevented from attending her duties "for a long period of time." *Id*. ¶ 3.

## II.     STANDARD

A moving party is entitled to summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary judgment. *Id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)).  A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

3

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted).  To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250.  "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50)).

Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322.  "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51.

### III.     ANALYSIS

Defendants move for summary judgment on the ground that Plaintiff cannot establish that Defendants had notice of the hazardous condition on their property.  Br. at 3.  Specifically, Defendants contend that under New Jersey law,[3] a Plaintiff must show Defendants had either

---

[3] The parties agree that New Jersey law governs Plaintiff's claims.  Br. at 4 (citing New Jersey law); Opp. at 2 (citing New Jersey law).  The Court does not see a reason why New Jersey law would not apply.  Accordingly, the Court will apply New Jersey law. *See Manley Toys, Ltd. v. Toys R Us, Inc.*, No. 12-3072, 2013 WL 244737, at *2 (D.N.J. Jan. 22, 2013) ("Because the parties have argued the viability of the remaining claims as though New Jersey substantive law applies, the Court will assume that to be the case." (citing *USA Mach. Corp. v. CSC, Ltd.*, 184 F.3d 257, 263 (3d Cir. 1999)).

4


actual or constructive notice of the dangerous condition that caused the accident. *Id*. at 4. Defendants further claim that based on the undisputed facts, Plaintiff cannot show that Defendants had actual or constructive notice of the puddle that Plaintiff slipped on. *Id*. at 3-10. Plaintiff counters that summary judgment should be denied because there are undisputed facts from which a reasonable jury could infer constructive notice. Opp. at 2-4.

"Generally, a proprietor's duty to his invitee is one of due care under all the circumstances." *Prioleau v. Kentucky Fried Chicken, Inc.*, 122 A.3d 328, 335 (N.J. 2015) (quoting *Bozza v. Vornado, Inc.*, 200 A.2d 777, 779 (N.J. 1964)). "Ordinarily, an invitee seeking to hold a business proprietor liable in negligence 'must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident.'" *Id*. (quoting *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (2003)). Neither party has presented evidence that Defendants had actual notice. Accordingly, the issue presented concerns constructive notice.

A defendant has constructive notice when the condition existed "for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent." *Troupe v. Burlington Coat Factory Warehouse Corp.*, 129 A.3d 1111, 1114 (N.J. Sup. Ct. App. Div. 2016) (quoting *Parmenter v. Jarvis Drug Store, Inc.*, 138 A.2d 548, 550 (N.J. Sup. Ct. App. Div. 1957)). "Constructive notice can be inferred in various ways," such as the "[t]he characteristics of the dangerous condition giving rise to the slip and fall" or eyewitness testimony "may support an inference of constructive notice about the dangerous condition." *Id*. (citing *Tua v. Modern Homes, Inc.*, 165 A.2d 790, 795 (N.J. Sup. Ct. App. Div. 1960), *aff'd sub nom. Tua v. Modern Homes, Inc.*, 165 A.2d 798 (N.J. 1960) ("Weak as plaintiffs' proofs are in the case at bar, they include direct testimony by [plaintiff] that the 'wax' into which she stepped on the floor aisle

was soft in the center and was so 'encrusted' around the edges . . . . This evidence was sufficient to justify the very inference of the existence of the offending substance on the floor for a protracted period of time[.]")). New Jersey courts have stated that the issue of constructive notice is "[t]ypically . . . an issue of fact left for the jury's determination." *Bolchune v. Shop-Rite Supermarkets, Inc.*, No. A-3681-14T4, 2016 WL 4699172, at *4 (N.J. Super. Ct. App. Div. Sept. 8, 2016) (citing *Prioleau v. Kentucky Fried Chicken, Inc.*, 85 A.3d 1015, 1023 (N.J. Sup. Ct. App. Div. 2014), *aff'd as modified and remanded*, 122 A.3d 328 (N.J. 2015)); *see also Betancourt v. Home Depot U.S.A., Inc.*, No. CV1607255WHWCLW, 2018 WL 3954854, at *5 (D.N.J. Aug. 16, 2018) ("New Jersey courts have recognized that typically, constructive notice is 'an issue of fact left for the jury's determination.'")

The Court finds that there is evidence from which a rational juror could infer that the alleged puddle existed for such a length of time to sufficiently put Defendants on constructive notice. *See Betancourt*, No. CV1607255WHWCLW, 2018 WL 3954854, at *5. The decision in *Tua*, 165 A.2d at 795, is instructive. *Tua* also arose out of a slip-and-fall accident at the defendant's store. *Id.* at 791-93. The plaintiff testified that she was injured after she stepped on a slippery substance and fell in the defendant's store. *Id.* at 791. The plaintiff also observed that the "waxy" substance on which she slipped was soft on the inside but had become encrusted on the outer edges. *Id.* at 792. The plaintiff added that a commercial floor waxer was placed near the location of the accident. *Id.* However, the defendant introduced testimony from one of its employees that "flatly contradicted" plaintiff's testimony. *Id.* The defendant's employee testified that she did not see the plaintiff fall, that she did not see the waxy substance on the floor, that she did not see the plaintiff wipe any of the waxy substance off her shoe, that the defendant "never owned or rented or possessed a waxing machine," and that "there was no waxing machine" on the premises the day

6

of the plaintiff's fall. *Id*. at 793-94. The defendant argued that based on the record, the plaintiff had failed to adduce any evidence as to either actual or constructive notice. The *Tua* court disagreed. The court reasoned that although the plaintiff's proof was "[w]eak," plaintiff had introduced testimony that the "'wax' into which she stepped on the floor aisle was soft in the center and was so 'encrusted' around the edges as to require [defendant's employee] to use an implement to scrape the substance from the floor surface." *Id*. at 795. The *Tua* court concluded that this evidence was sufficient to justify the "inference of the existence of the offending substance on the floor for a *protracted period of time*." *Id*. at 795-96 (emphasis added).

The evidence here is similar to that in *Tua*. Plaintiff provided evidence that the liquid she slipped on was approximately three feet from refrigerators in Defendants' store. D.E. 42, Ex. A at 38:1-21; *see also* RSOMF ¶¶ 6, 9. Although Plaintiff testified that she did not know where the water came from, *id*. at 39:13, Plaintiff testified that she believed the liquid had been present for "a while" because the "edges" of the puddle she slipped on "were drying." *Id*. at 39:15-16; RSOMF ¶¶ 3, 11. Plaintiff further testified that the floor was "shiny" where wet and that she "could see stained areas where it was already drying out" that were "darker than the water around" the stains. *Id*. at 39:20-42:5; RSOMF ¶ 6. As in *Tua*, based on Plaintiff's evidence, the Court finds that a rational juror could infer that the puddle existed for such a length of time to sufficiently put Defendants' on constructive notice of the puddle. *See Tua v. Modern Homes, Inc.*, 165 A.2d at 795-96. Accordingly, Defendant's motion for summary judgment is denied.

The Court finds the cases cited by Defendant are either inapposite or distinguishable. Defendant relies on *Prioleau v. Kentucky Fried Chicken, Inc.*, 85 A.3d 1015, 1018 (N.J. Sup. Ct. App. Div. 2014), where the plaintiff alleged negligence after she fell on her way to the bathroom at the defendant's restaurant. *Id*. at 1019; *see also* Br. at 4. However, in that case, the court

concluded that "the proofs, when viewed in a light most favorable to plaintiff, sufficiently evince defendants' constructive notice of a wet or possibly greasy floor." *Id*. at 1023.  Among other things, the plaintiff's evidence showed: (1) plaintiff felt the floor she slipped on and found it "wet, greasy, and slippery"; (2) plaintiff's children also experienced the slipperiness of the floor; (3) on the day of the accident, it had been raining heavily; (4) defendant's employees used grease for frying and used the same facilities and entrance as customers; and (5) defendant's employee confirmed that no inspection or mopping occurred during the four hours before plaintiff's accident. *Id*.  The *Prioleau* court concluded those facts were sufficient to "allow a rational jury to evaluate whether the condition of the floor existed for a period of time" such that the defendant's employees were on constructive notice of the condition.  *Id*.  Notably, the plaintiff in *Prioleau* had *not* presented evidence as to the characteristics of the liquid she slipped on – unlike the facts here, *see* RSOMF ¶ 6 – or eyewitness testimony that the liquid had existed on the floor for a prolonged period of time to support an inference of constructive notice.  *See e.g., id*. at 1020 ("[Defendant's employee] visually examined the location where plaintiff fell and saw no water, grease or other substance on the floor.").  Yet the *Prioleau* court still found it appropriate for the jury to consider the issue of constructive notice.  Thus, *Prioleau* supports the conclusion that summary judgment should be denied.

The Court also finds *Schmicker v. Target*, No. CV 17-11628, 2020 WL 2487661, at *1 (D.N.J. May 13, 2020), *Goldsack v. Wal-Mart Stores, Inc.*, No. 16CV5354SDWLDW, 2018 WL 4300124, at *2 (D.N.J. Sept. 6, 2018), *aff''d sub nom. Goldsack v. Walmart Stores, Inc.*, 800 F. App'x 95 (3d Cir. 2020), and *Schwing-Dzuira v. Kohl's Dep't Stores, Inc.*, No. A-3244-06T3, 2008 WL 833757, at *1 (N.J. Super. Ct. App. Div. Mar. 31, 2008) inapposite.  *See* Br. at 5-9.  In those cases, each court found that the plaintiffs had not produced evidence – concerning the

characteristics of the condition or otherwise – as to the amount of time the alleged harmful condition had existed. *Schmicker*, No. CV 17-11628, 2020 WL 2487661, at *1 ("As to the characteristics of the particular condition, [defendant's employee] observed a 'smeared puddle' of clear liquid only after Plaintiff pointed out what caused her fall . . . But there is no indication of other foot prints, tracks, or trails through the puddle, despite the heavy foot traffic through the area . . . [so] the record is *devoid* of any evidence as to how long the dangerous condition . . . existed." (emphasis added)); *Goldsack*, No. 16CV5354SDWLDW, 2018 WL 4300124, at *2 ("Given the short amount of time Plaintiff was in the store, her failure to notice any water on the floor when she passed the area on the way to the customer service counter . . . and the lack of evidence that the water was on the floor for a prolonged period of time, a reasonable jury could not find that Walmart had constructive notice of the water on its floor." (internal citations omitted)); *Schwing-Dzuira*, No. A-3244-06T3, 2008 WL 833757, at *1 (quoting trial court's determination that "[p]laintiff here has no evidence to show the amount of time the condition was present. [S]he can only show that it, in fact, existed."). Here, conversely, Plaintiff has adduced evidence concerning the characteristics of the hazardous condition that caused her injury which could support an inference of constructive notice. *See* Op. at 7. Finally, the Court also finds the cases Defendants cite in reply inapplicable. *See* Reply at 1-4 (citing *Wiley v. Winn Dixie Stores, Inc.*, 420 S.E.2d 20 (Ga. App.1992); *Rodriguez v. Kravco Simon Co.*, 111 A.3d 1191, 1192 (Pa. Sup. Ct. 2015); *Dalton v. Target Corp.*, No. 2:18-cv-00397-JEO, 2019 U.S. Dist. LEXIS 131354, at *1 (N.D. Ala. Aug. 6, 2019)). Each of those cases applied foreign states' laws and thus did not discuss or analyze the standards applicable in this case. *See Rodriguez*, 111 A.3d at 1193 (applying Pennsylvania law); *Wiley*, 420 S.E.2d at 571-72 (applying Georgia law); *Dalton*, No. 2:18-cv-00397-JEO, 2019 U.S.

Dist. LEXIS 131354, at *1 (applying Alabama law). Defendants' motion for summary judgment is denied.[4]

## IV. CONCLUSION

For the forgoing reasons, Defendants' motion for summary judgment, D.E. 45, is denied. An appropriate order accompanies this opinion.

Dated: December 29, 2020

_____
John Michael Vazquez, U.S.D.J.

---

[4] Because the Court has found that Defendants are not entitled to summary judgment as to constructive notice, the Court need not reach the issue of whether Plaintiff is entitled to New Jersey's "mode-of-operation" inference.